IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANYON PARTNERS, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1335-L |
| | § | |
| DEVELOPERS DIVERSIFIED | § | |
| REALTY CORPORATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants JDN Development Co., Inc. and JDN Real Estate--Mesquite, L.P., collectively referred to as "JDN," seek an order requiring non-party Beaird, Harris & Co., P.C. ("BH&C") to show cause why it should not be held in contempt for failing to comply with a subpoena duces tecum served on or about September 7, 2005. Although the motion is directed to BH&C, it appears that responsive documents were not produced at the insistence of Plaintiff Canyon Partners, L.P. ("Canyon"), who objects that compliance with the subpoena would be unduly burdensome, that the documents are not relevant to the subject matter of the lawsuit, and that any relevant information is readily obtainable from other sources. The issues have been fully briefed by the parties in a Joint Status Report filed on November 1, 2005, and the motion is ripe for determination.

JDN seeks two broad categories of documents from BH&C, the accounting firm that prepared annual tax returns for Canyon in the years 2001-2004: (1) documents showing Canyon's financial condition that were created by BH&C from records provided by Canyon and which were used by BH&C to prepare tax returns and associated filings; and (2) other documents provided to

BH&C by Canyon which relate to Canyon's business.[1] The court initially observes that there is no accountant-client privilege under federal or Texas law.[2] *See Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134 (E.D. Tex. 2003); *Sims v. Kaneb Services, Inc.*, No. B14-87-00608-CV, 1988 WL 62294 at *5 (Tex. App.--Houston [14th Dist.], Jun. 16, 1988, no writ). In addition, Canyon fails to offer any argument, much less evidence, to support its objections that compliance with the subpoena would be unduly burdensome and that any relevant information is readily obtainable from other sources. Therefore, the court need only determine whether Canyon has standing to challenge the Rule 45 subpoena served on BH&C and, if so, whether the documents sought by JDN are reasonably calculated to lead to the discovery of admissible evidence.

As a general rule, a party has standing to challenge a third-party subpoena in order to protect some personal right or privilege. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Here, Canyon seeks to prevent the disclosure of documents containing private financial information. The court finds, for purposes of this motion, that such an interest is sufficient to confer standing. However, a cursory review of the responsive documents tendered to the court by BH&C reveal that all the documents requested by JDN are relevant to the claims made the basis of this lawsuit, including Canyon's claims of performance and expense incurred under the development agreements at issue, the damages allegedly sustained by Canyon, and the amount of money received on the

---

[1] The subpoena also seeks Canyon's annual tax returns and associated filings. However, JDN has agreed not to seek production of those documents at this time. (*See* Jt. Stat. Rep. at 2, ¶ 4).

[2] In a letter to counsel for JDN, BH&C references the accountant-client privilege set forth in Tex. Occ. Code Ann. § 901.457. That statute provides, in pertinent part:

> A [licensed accountant] may not voluntarily disclose information communicated to the [accountant] by a client in connection with services provided to the client by the [accountant].

However, no court has elevated the professional standard established by this statute to an evidentiary privilege under Texas law.

development projects through earnout provisions or otherwise.  Accordingly, Canyon's objections to the subpoena duces tecum are overruled.

Because BH&C has agreed to comply with a court order enforcing the subpoena, JDN's motion for contempt and recovery of fees and expenses is denied.  However, BH&C is hereby ordered to fully comply with the subpoena duces tecum and produce all responsive documents to JDN, with the exception of annual tax returns and associated filings, by **November 11, 2005.**

SO ORDERED.

DATED:  November 4, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE